UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| COLDEN KIMBER, on behalf of the State of California, as a private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>THE SPORTS BASEMENT, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: SACV 23-02441-CJC (ADSx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 12] |

## I. INTRODUCTION

Plaintiff Colden Kimber, on behalf of the people of the State of California and as an aggrieved employee acting as a private attorney general under California's Labor Code Private Attorney General Act of 2004 ("PAGA"), brings this action against Defendant The Sports Basement, Inc. and unnamed Does seeking to recover PAGA

penalties for himself and on behalf of all current and former aggrieved employees that worked for Defendant. (*See* Dkt. 1-1 [Compl.].) Plaintiff originally brought this action in Orange County Superior Court, but Defendant subsequently removed the action, invoking the Court's federal question jurisdiction. (*See* Dkt. 1 [Notice of Removal, hereinafter "Notice"].) Now before the Court is Plaintiff's motion to remand for lack of subject matter jurisdiction. (*See* Dkt. 12 [Memorandum of Points and Authorities in Support, hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. BACKGROUND

Defendant is an outdoor gear and apparel store in California. (Compl. ¶ 5.) At all relevant times, Defendant has had its headquarters and principal place of business in the Presidio of San Francisco. (Dkt. 13 [Opposition to Plaintiff's Motion to Remand, hereinafter "Opp."] at 12.) Its headquarters in the Presidio employed non-exempt employees. (*Id.*)

Plaintiff alleges that Defendant employed him from October 25, 2021 to June 20, 2023 as a non-exempt employee. (Compl. ¶ 6.) During this period, Plaintiff claims that Defendant, on a companywide basis, failed to comply with California's labor laws. For instance, Plaintiff asserts that Defendant had a "policy and practice not to pay . . . for all time worked." (*Id.* ¶ 11.) The policies and practices underlying Plaintiff's claim include, among other things, working while clocked out during what were supposed to be off-duty meal breaks, a uniform practice of rounding actual time worked always to Defendant's benefit, and requiring as a condition of employment off-the-clock work for mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for February 26, 2024, is vacated and removed from the calendar.

clocking into Defendant's timekeeping system for the workday. (*Id.*) Plaintiff also takes issue with Defendant's "non-discretionary incentive program." (*Id.* ¶ 13.) Allegedly, Defendant "failed to include the incentive compensation as part of the employees' 'regular rate of pay' for purposes of calculating overtime pay and meal and rest break premium pay." (*Id.*) Management described the incentive program to potential and new employees as part of their compensation package. (*Id.*) Plaintiff also alleges Defendant failed to provide its employees with complete and accurate wage statements. (*Id.* ¶¶ 17–18.) In short, Plaintiff asserts that, companywide as a matter of policy and practice, Defendant consistently violated a wide variety of California labor laws.

## III. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Thus, for an action to be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-13 (1983). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "[T]he subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or

in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

A removing defendant must file with the federal district court "a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In other words, "the defendant must state the basis for removal jurisdiction in the [notice of] removal." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988). Though the notice "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period" to remove under 28 U.S.C. § 1446(b) elapses, *id.*, it can be amended outside that window "to correct a 'defective allegation of jurisdiction.'" *ARCO Envt. Remediation, L.L.C. v. Dep't of Health & Envt. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting 28 U.S.C. § 1653). Still, a court may deny leave to amend a pleading if "it is clear . . . that [it] could not be saved by amendment," *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002), or "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Empls. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**IV.    DISCUSSION**

Defendant asserts that this Court has federal question jurisdiction over this matter because Plaintiff's allegations against Defendant arise from Defendant's alleged conduct within a federal enclave. (Notice ¶ 9.) "Federal law governs on a federal enclave, along with state laws, not inconsistent with federal policy, enacted before the federal enclave was established." *Totah v. Bies*, 2011 WL 1324471, at *2 (N.D. Cal. Apr. 6, 2011). Any

"assimilated state law is distinctly federal in nature, and its application establishes the basis for federal question jurisdiction." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1038 (N.D. Cal. 2005).

Since 2003, Defendant's flagship store, its corporate headquarters and principal place of business, has been in the Presidio of San Francisco, a federal enclave located within the State of California. (*Id.* ¶ 10); *see Totah*, 2011 WL 1324471, at *2 ("The United States acquired exclusive jurisdiction over the Presidio in 1897, establishing it as a federal enclave."). And since 2003, Defendant's flagship store in the Presidio has continuously employed non-exempt employees who are impacted by Defendant's policies and practices at issue in this case. (Notice ¶ 11.) Plaintiff does not dispute that the Presidio is a federal enclave or that Defendant employed non-exempt employees on behalf of which Plaintiff pursues this case. (*See* Mot. at 4–5 [conceding the existence of the Presidio location]; Dkt. 14 [Reply in Support of Motion to Remand, hereinafter "Reply"] at 3 [conceding some number of aggrieved employees worked at the Presidio].)

Instead, Plaintiff argues this Court lacks jurisdiction because Defendant "failed to demonstrate Presidio is the locus, or majority location, of Plaintiff's claims." (Mot at 5.) Some courts have held that federal enclave doctrine applies only when the locus in which the claim arose is the federal enclave itself—that is to say, when "the majority of the pertinent events took place on a federal enclave." *See Jamil v. Workforce Res.*, LLC, 2018 WL 2298119, at *4 (S.D. Cal. May 21, 2018) (collecting cases). Plaintiff claims that because "it is estimated that only 1/12th of the aggrieved employees worked at the Presidio during the relevant time period," then, mathematically, the Presidio is not the "locus" of Plaintiff's case. (Reply at 3–4.)

This framing ignores the representative nature of the case Plaintiff seeks to pursue. Courts conduct "jurisdictional analysis on a claim-by-claim basis." *Martinez v. Clark*, 36

F.4th 1219, 1226 (9th Cir. 2022).  The relevant question, even under Plaintiff's framing of the locus test, is where each aggrieved employee worked the most.  For the aggrieved employees working at the Presidio location, the majority, if not all, of their work took place in the Presidio—a federal enclave.  Therefore, federal law governs the violations regarding the aggrieved employees who worked at Defendant's flagship store in the Presidio.  Notably, after Defendant removed this case based on the Presidio's status as a federal enclave, Plaintiff expressly stated that he continues to assert claims for employees who worked at the flagship store.  (Opp. at 13); *see Jimenez v. CRC Prop. Mgmt. W. Inc.*, 2021 WL 4312622, at *3 (S.D. Cal. Sept. 21, 2021) (denying motion to remand PAGA case when "Plaintiff makes no concession to amend the Complaint to exclude claims arising from work performed on the federal enclave").

  Because the Court has federal question jurisdiction over the claims involving Defendant's flagship store, it may exercise supplemental jurisdiction over the remainder of the claims stemming from aggrieved employees who worked at Defendant's stores in other locations in California.  In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Plaintiff alleges that the purported labor law violations occurred at all of Defendant's stores and that those violations are based on companywide policies and practices.  There is no real question that the violations that allegedly took place in the Presidio are part of the same case or controversy as violations that allegedly took place elsewhere.  Therefore, the Court exercises supplemental jurisdiction over Plaintiff's claims based on aggrieved employees that worked at Defendant's non-Presidio locations.  *See Jimenez*, 2021 WL 4312622, at *8 (holding in a PAGA case that "this Court has original jurisdiction over claims arising from events that took place on Pacific Beacon

and supplemental jurisdiction over claims arising from events that took place at non-enclave locations").

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED: February 22, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE